IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHELLE MARIE LEFEBRE,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF SHELLSEA BLAIR LEFEBRE-SCHIEL,

      Plaintiff,

-vs-

REMINGTON ARMS COMPANY, LLC.

      Defendant.

Case No. 2:17-cv-00152-GJQ-TPG

Hon. Gordon J. Quist

---

Leonard A. Siudara (P20542)
Leonard A. Siudara PC
Attorneys for Plaintiff
5865 Andover Ct.
Troy, MI  48098
(248) 417-7300
budatlaw@msn.com

Edward P. Perdue (P55888)
Dickinson Wright PLLC
Attorneys for Defendant
200 Ottawa Avenue, NW, Ste. 1000
Grand Rapids, MI  49503
(616) 458-1300
eperdue@dickinsonwright.com

Dale G. Wills
James B. Vogts
Swanson, Martin & Bell LLP
Attorneys for Defendant
330 N. Wabash, Ste. 3300
Chicago, IL  60611
(312) 321-9100
dwills@smbtrials.com
jvogts@smbtrials.com

---

**DEFENDANT'S BRIEF IN SUPPORT OF**
**MOTION TO BAR EXPERT WITNESS TESTIMONY**

Defendant, Remington Arms Company, LLC ("Remington") submits the following Brief in support of Defendant's Motion to Bar Expert Witness Testimony:

### I. Summary of Motion

Plaintiff has disclosed her intention to present at trial the deposition testimony of two Rule 26(a)(2)(B) expert witnesses, Charles Powell and John Butters, which they gave on behalf of plaintiffs in other cases. Neither witness has been retained by Plaintiff here, and Plaintiff cannot show they are unavailable to testify live in this case. Their prior testimony is therefore inadmissible hearsay under Federal Rule of Evidence 804.

Plaintiff has also disclosed her intention to present at trial the testimony of attorney Robert Chaffin, a Texas personal injury attorney who has sued Remington on numerous occasions in alleged accidental firearm discharge cases. Chaffin is an advocate—not an expert as contemplated by the rules—and his testimony is wholly improper.

### II. Background

This case arises from the accidental shooting death of Shellsea Lefebre on Drummond Island in the Upper Peninsula. Shellsea was shot while seated in the rear passenger seat of a pick-up truck driven by her father, Jose Lefebre. Shellsea died as the result of the discharge of a Remington bolt-action rifle—a Model 700 XMP—that her father had placed in the front passenger compartment loaded and cocked, with safety disengaged and the muzzle pointed directly at his daughter. Plaintiff alleges the rifle discharged because it was defectively manufactured by Remington. Remington denies the subject rifle was manufactured defectively, and has identified Jose Lefebre as a non-party at fault for his daughter's death pursuant to MCR 2.112(K) and MCLA §§ 600.6306 and 600.2957.

####    a. Case Management Order Deadlines.

The court entered a Case Management Order on August 8, 2018. (ECF No. 58). The Court

ordered Plaintiff to identify the names, addresses and areas of expertise of retained expert witnesses by January 4, 2019. Plaintiff thereafter was to provide Rule 26(a)(2)(B) expert reports by March 1, 2019. Plaintiff's counsel asked Remington's counsel for a one-week extension of the March 1 deadline, and Remington agreed to a March 8 deadline in exchange for a similar one-week extension on Remington's deadline to provide Rule 26(a)(2)(B) expert reports. (Ex. 1). By agreement of the parties, Remington's deadline to produce retained expert reports is May 3, 2019. *Id*.

### b. Plaintiff's Lack of Compliance with Case Management Order Deadlines.

On January 4, 2019, Plaintiff identified 23 Rule 26(a)(2)(B) expert witnesses she intended to call at trial, including Charles Powell, John Butters and Robert Chaffin. (ECF No. 71). On March 8, 2019, Plaintiff provided affidavits signed by Butters and Chaffin in other cases, nothing relatint to Powell, and just one expert report, a report from Tommy Burttschell. (Ex. 2). One week later, on March 14, 2019, Plaintiff served a "Rule 26(2)(B) Disclosure of Expert Testimony," this time identifying eight Rule 26(a)(2)(B) experts, including Butters and Chaffin, but Powell was excluded from the disclosure. (Ex. 3). Plaintiff did not provide any additional reports with her tardy March 14, 2019 disclosure.

On March 15, 2019, Plaintiff provided an expert report from Don White. (Ex. 4). Remington's counsel wrote to Plaintiff's counsel on March 18, 2019 and, among other things, asked for expert reports from all of Plaintiff's remaining Rule 26(a)(2)(B) expert witnesses. (Ex. 5). On March 20, 2019, Plaintiff served yet another "Rule 26(2)(B) Disclosure of Expert Testimony," again identifying Butters and Chaffin, and adding Powell back into her disclosure of expert witnesses she would use at trial. (Ex. 6). Plaintiff also served additional expert reports on March 20, including a report prepared by Chaffin. (Ex. 7).

As of the filing of this motion, Plaintiff has not provided Rule 26(a)(2)(B) expert reports from Powell of Butters. Instead, Plaintiff indicates she intends to present their testimony through depositions they gave in other cases against Remington brought by different parties, under FRCP 32(a)(8). (Ex. 6, p. 3).

### III.     Former Testimony by Powell and Butters is Inadmissible Hearsay.

Plaintiff should be barred from using Powell and Butters as expert witnesses at trial because she failed to provide their expert reports, as required under the Case Management Order and Rule 26(a)(2)(B). Both Powell and Butters are engineers who work as professional testifying witnesses. They have been retained by plaintiffs in other cases to testify that Remington Model 700 XMP rifles are defectively manufactured. Neither Powell nor Butters have a factual connection to this case, and their testimony can only be as Rule 26(a)(2)(B) witnesses. Thus, Plaintiff was obligated to provide reports from Powell and Butters that satisfied the requirements of Rule 26(a)(2)(B), and her failure to do so precludes her right to use them as witnesses at trial.

Plaintiff's use of Powell and Butters should be barred for an additional reason. Plaintiff's stated intention is to present testimony from Powell and Butters through depositions they gave in other cases under FRCP 32(a)(8). (Ex. 6, p. 3). Plaintiff's reliance on Rule 32(a)(8) is inapt. The rule provides:

> A deposition lawfully taken and, if required filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Fed. R. Civ. P. 32(a)(8). The cases in which Powell and Butters gave deposition testimony were not cases between the same parties as in this case, and their testimony in those cases is not admissible under Rule 32(a)(8). Plaintiff's reliance on Rule 32(a)(8) fares no better under the Federal Rules of Evidence.

4

Former testimony given by Powell and Butters is hearsay, and is admissible only if the requirements of FRE 804(b) are satisfied. Former testimony by a witness is admissible as an exception to the rule against hearsay, if (1) the witness is unavailable; (2) the testimony is taken at a hearing or deposition in the same or another proceeding; and (3) the opposing party had an opportunity and similar motive to develop the testimony by direct, cross or re-direct examination. *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147,165 (3rd Cir. 1995). A witness is "unavailable" if the proponent of his testimony is "has not been able, by process or other reasonable means, to procure the declarant's attendance." Fed. R. Evid. 804(a)(5)(A).

In *Kirk*, the court held that the district court abused its discretion in allowing the plaintiff to read prior testimony of a retained expert witness to the jury because there had been no finding as to the witness's unavailability. *Id*. The court in *Kirk* observed that the expert witness was not unavailable for purposes of Rule 804 simply because he was beyond the subpoena power of the court. *Id*. A proponent of such testimony must show use "reasonable means" to enlist the expert's services by offering the witness his "usual expert witness fee." *Id*.; *accord Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co*., 2000 WL 135129 (D. Del. 2000) (finding that deposition testimony of expert inadmissible where there was nothing in the record that the proponent made an effort to secure the expert's attendance at trial or contacted him to offer him his expert witness fee).

Courts draw a distinction between the "unavailability of fact witnesses and expert witnesses." *Livers v. Schenck,* No. 8:08cv107, 2013 WL 5676881 at *3 (D. Neb. Oct. 18, 2013). "[E]ven the unavailability of a particular expert witness should not without more allow the use of his prior testimony in a second action," because an expert has no knowledge of the facts of the case," but is "called upon to express a professional opinion upon the facts as they are given to him, often expressing his opinions in the form of answers to hypothetical questions." *Carter-Wallace,*

5

*Inc. v. Otte*, 474 F. 2d 529, 536 (2d Cir. 1973). Moreover, there is a "general preference" in the federal rules, as expressed in Federal Rule of Civil Procedure 43(a) "for oral testimony so that there will be an opportunity for live cross-examination and observation of the demeanor of the witness." *Id*. At least one court has held that the hearsay exception in Rule of Evidence 804 "does not apply to expert testimony." *Livers,* 2013 WL 5676881 at *6.

Even if an expert witness is truly unavailable, "there is no need to use his previous testimony to prevent the loss of evidence, because there will usually be other experts available to give similar testimony orally." *Carter-Wallace*, 474 F. 2d at 536. Indeed, Plaintiff has retained and disclosed other witnesses to testify with respect to the alleged defective condition of the subject rifle.[1] There is nothing that prevented Plaintiff from using "reasonable means" to secure the services of Powell and Butters in this case, and providing Remington their Rule 26(a)(2)(B) expert reports within the Case Management Order deadline.

The proponent of a hearsay statements offered under Rule 804 bears the burden of proving the unavailability of the declarant. *United States v. Eufracio-Torres*, 890 F. 2d 266, 269 (10th Cir. 1989). It is an abuse of discretion to admit former testimony into evidence without a finding of unavailability. *See O'Banion v. Owens-Corning Fiberglass Corp.*, 968 F.2d 1011, 1014 (10th Cir. 1992). Here, Plaintiff cannot satisfy her "unavailability" burden with regard to Powell and Butters, and they should be barred from testifying by deposition or otherwise.

### IV. Attorney Chaffin is an Advocate, Not an Expert, and Should Not Testify.

Plaintiff provided a report from Chaffin, which incorporated an Affidavit he had prepared in another case. (Ex. 7). Chaffin's stated expertise is "legal representation on the subject of

---

[1] Plaintiff provided Rule 26(a)(2)(B) expert reports from Tommy Burttschell and Don White that set forth opinions on this subject. (Ex. 2 & Ex. 4)

6

Remington Model 700 accidental firings." (Ex. 7, Affidavit, p. 1). In other words, Chaffin claims to be an expert on how an attorney can prove an accidental firearm discharge case against Remington.

Chaffin's report and Affidavit plainly set forth an attorney's closing argument in which a party's case is summarized a jury, not expert expert testimony based on "scientific, technical or other specialized knowledge." Fed. R. Evid. 702(a). They are replete with self-serving attorney argument, and legal conclusions on an alleged manufacturing defect in Model 700 XMP rifles and Remington's alleged negligence. *See Stoler v. Penn Central Trans.*, Co., 583 F.2d 896, 898-99 (6th Cir. 1978) (trial court properly excluded testimony that railroad crossing was "extra hazardous" because "it amounted to a legal conclusion."). The Affidavit also includes representations of fact on which Chaffin does not have personal knowledge; some of which is irrelevant, and all of which must be proved through fact witness testimony, not through hearsay testimony from an attorney adversary posing as Rule 702 witness.

There is no authority—in the rules of evidence or case law—that allows Plaintiff's highly improper use of attorney Chaffin to help prove her case as a testifying witness. He should be barred from testifying.

**V.     Conclusion**

For the foregoing reasons, Remington respectfully requests that Charles Powell, John Butter and Robert Chaffin be barred from testifying at the trial of this case.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By     /s/Edward P. Perdue
    Edward P. Perdue
200 Ottawa Avenue, NW, Suite 1000

7

        Grand Rapids, MI  49503
        (616) 458-1300
        eperdue@dickinsonwright.com

        Dale G. Wills
        James B. Vogts
        Swanson, Martin & Bell LLP
        330 N. Wabash, Suite 3300
        Chicago, IL  60611
        (312) 222-8517
        dwills@smbtrials.com
        jvogts@smbtrials.com

Dated: March 29, 2019        *Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE WITH LCivR 7.3(b)

Pursuant to W.D. Mich. LCivR 7.3(b), I hereby certify that this *Defendant's Brief in Support of Motion to Bar Expert Witness Testimony* contains 1,853 words.  Microsoft Word Professional Plus 2016 was used to generate the word count.

        By   */s/Edward P. Perdue*
            Edward P. Perdue
        200 Ottawa Avenue, NW, Suite 1000
        Grand Rapids, MI  49503
        (616) 458-1300
        eperdue@dickinsonwright.com